UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
10 FEB 23 AM 11: 24

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| VICTOR GEORGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| JUNIOR ACHIEVEMENT OF CENTRAL | ) | **1 : 10-cv- 0220 LJM-JMS** |
| INDIANA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Victor George ("George"), by counsel, files this Complaint and Demand for Jury Trial against his former employer, Junior Achievement of Central Indiana, Inc. ("JACI"), and states as follows:

### I. PARTIES, VENUE AND JURISDICTION

1.    George resides in Indianapolis, Indiana.

2.    JACI is a non-profit domestic corporation with its principal place of business in Indianapolis, Indiana.

3.    This Court has personal jurisdiction over all parties and venue is proper in this Court.

4.    This Court has subject matter jurisdiction over George's ERISA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1140.

5.    This Court has supplemental jurisdiction over George's state law claims pursuant to 28 U.S.C. § 1367.

## II.    FACTUAL ALLEGATIONS

6.      George hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

7.      On or about April 10, 1990, George began his employment with Junior Achievement.  From 1990 to 2010, George worked in regional affiliates of Junior Achievement located in Columbus, Ohio, Tampa, Florida, and Indianapolis, Indiana.

8.      On or about July 1, 2006, George and JACI signed an Executive Vice President Basic Employment Agreement and Deferred Compensation Agreement ("Employment Agreement").  Exhibit 1.

9.      The Employment Agreement provides for George to be employed for a term of four years, scheduled to expire on June 30, 2010.

10.      The Employment Agreement provides that George is to receive annual salary increases of 3 percent or 5 percent each July through the end of the agreement.

11.      The Employment Agreement provides that George shall receive $25,000 in deferred compensation which was scheduled to vest on June 30, 2010.

12.      On or about December 1, 2008, Jeffrey Miller, then the President and Chief Executive Officer of JACI, amended the Employment Agreement by notifying George in writing that the vesting date of his Deferred Compensation was changed from June 30, 2010, to December 1, 2009.  Exhibit 2.

13.      George received the original copy of the amendment (Exhibit 2) by hand-delivery on December 1, 2008.

14.      On December 1, 2008, a copy of the amendment (Exhibit 2) was placed in George's personnel file maintained at JACI.

2

15. As President and CEO of JACI, Jeffrey Miller was authorized to amend the vesting date of George's deferred compensation without obtaining consent or approval from the JACI Board of Directors or its Executive Committee.

16. On or about January 1, 2009, Jennifer Burk replaced Jeffrey Miller as interim President and CEO of JACI. On or about July 1, 2009, Burk was approved as President and Chief Executive Officer of JACI by the JACI Board of Directors.

17. Following Burk's permanent appointment, Burk unilaterally informed George that his salary would be reduced by 12 percent on July 1, 2009. George had been set to receive a 5 percent increase under his Employment Agreement rather than a 12 percent decrease.

18. Burk did not seek George's consent to the salary decrease. The Employment Agreement was not amended to authorize a salary decrease. George did not consent to the salary decrease at any time.

19. Following Burk's permanent appointment, George learned that JACI had stopped remitting to the applicable plans both 401k and health savings account contributions which had been withheld from employee paychecks, including his.

20. In approximately September of 2009, George contacted the United States Department of Labor and reported these problems with JACI failing to make required contributions to 401k and health savings account plans.

21. In November of 2009, George sent an e-mail message to JACI Board Chairman Mark Shaffer complaining about JACI's Department of Labor violations.

22. On or about December 1, 2009, and December 4, 2009, George withdrew his vested deferred compensation from his account held at Wachovia.

3

23.     On or about January 11, 2010, George received a letter from outside legal counsel to JACI purportedly notifying him of the termination of his employment with JACI effective December 31, 2009.

24.     On or about January 11, 2010, George received a letter from outside legal counsel to JACI accusing him of "unethical and illegal" action, including "theft, conversion, and deception," arising from George's withdrawal of funds from a Wells Fargo deferred compensation account.

25.     Upon information and belief, the allegations contained in the January 11, 2010, letter from JACI's outside legal counsel were communicated to some or all of the thirty-two members of JACI's outside Board of Directors by JACI's authorized agents.

26.     George's Employment Agreement does not permit retroactive termination.

27.     JACI's first regularly scheduled pay period following January 11, 2010, ended on or about January 25, 2010.

28.     On or about January 25, 2010, JACI failed to pay George for all wages he was due during his period of employment pursuant to the Employment Agreement.

### III.     LEGAL ALLEGATIONS

### Count I: ERISA Retaliation against JACI.

29.     George incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

30.     George's 401k, health savings account, and pension plans are governed by ERISA.  At all relevant times, George was a participant in the plans governing his 401k, health savings account, and pension plan.

31.     George engaged in protected activity by complaining to U.S. Department of Labor officials about JACI's failures to remit 401k and health savings account payments.

32.     George engaged in protected activity when he complained to Board Chairman Mark Shaffer about JACI's possible Department of Labor violations.

33.     On November 24, 2009, George wrote to the JACI Board President, "For the first time in my almost 20 year JA career the JA employee benefits and pension plan has not been funded by our office for more the[n] six months. Payments were not made to my personal 401k plan for more than three months, which is a Department of Labor violation."

34.     George's employment was terminated shortly following his complaints.

35.     George's complaints about JACI's violations were a direct and proximate cause of his termination.

36.     JACI's termination was a violation of ERISA. 29 U.S.C. § 1140.

37.     George has been damaged by JACI's unlawful termination.

38.     George seeks appropriate equitable relief to redress JACI's violations and to enforce the applicable provisions of ERISA and the governing plans. 29 U.S.C. § 1132(a)(3).

### Count II: Breach of Contract against JACI

39.     George incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

40.     George and JACI entered into a contract when George and JACI signed the Employment Agreement on July 1, 2006.

5

41.   The Employment Agreement was amended, in writing, on December 1, 2008, to change the vesting date for George's deferred compensation from June 30, 2010, to December 1, 2009.

42.   George fulfilled his part of the contract by performing his duties as Executive Vice President for JACI.

43.   For 2009, George fulfilled his contractual incentives for receiving a mandatory five percent raise in his base salary, scheduled to take effect on July 1, 2009.

44.   JACI breached the contract by reducing George's salary by twelve percent on or about July 1, 2006.

45.   JACI breached the contract by terminating George retroactively to December 31, 2009, before expiration of the contract's term and in non-compliance with the Employment Agreement's notice provision.

46.   JACI breached the contract by refusing to recognize George's rights to vested deferred compensation after December 1, 2009.

47.   George has suffered damages as a result of JACI's breaches of contract.

**Count III: Indiana Wage Payment Statute against JACI**

48.   George incorporates by reference all other paragraphs of this complaint as if fully set forth here.

49.   JACI is an employer subject to the Indiana Wage Payment Statute in that it employed George in Indiana.  Ind. Code § 22-2-5-1.

50.   JACI is required to pay George for all wages earned to a date not more than 10 business days prior to the date of payment.  Ind. Code § 22-2-5-1.

6

51.     JACI failed to pay George for all earned salary that was due to him under his Employment Agreement within 10 business days following July 1, 2009.

52.     George has been damaged by JACI's failure to comply with the Indiana Wage Payment Statute and is entitled to payment of all accrued and unpaid salary due under his Employment Agreement, as well as liquidated damages, attorney fees, and expenses.  Ind. Code § 22-2-5-2.

### Count IV: Indiana Wage Claims Statute against JACI

53.     George incorporates by reference all other paragraphs of this complaint as if fully set forth here.

54.     JACI is an employer subject to the Indiana Wage Claim Statute in that it employed George in Indiana.  Ind. Code § 22-2-9-1(a).

55.     George's employment with JACI was terminated on or about January 11, 2010.

56.     All of George's compensation, including salary and vacation pay, was due and payable no later than the regular pay day for the pay period in which separation occurred.

57.     JACI has failed to pay George for his full contractual salary since July 1, 2009, which was due and payable at the regular pay day for the pay period in which separation occurred.

58.     George has received a letter of referral from the Indiana Department of Labor and Attorney General to permit him to bring an action in court.  Exhibit 3.

59.     George has been damaged by JACI's failure to comply with the Indiana Wage Claim Statute and is entitled to payment of all accrued and unpaid compensation

7

and benefits, as well as liquidated damages, attorney fees, and expenses.  Ind. Code § 22-2-9-4; § 22-2-5-2.

### Count V: Defamation

60.     George incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

61.     JACI has made communications about George with defamatory imputation about alleged criminal conduct by George.

62.     JACI made these defamatory statements about George with malice.

63.     JACI published these defamatory statements about George by, including but not limited to, communicating them to members of its thirty-two member Board of Directors.

64.     JACI published these defamatory statements about George with knowledge that they were false or with reckless disregard of whether they were false or not.

65.     George has suffered harm to his reputation and other damages proximately caused by JACI's defamatory communications.

66.     The letter written by JACI outside counsel directly accuses George of engaging in criminal conduct, including "theft, conversion, and deception," and thus amounts to defamation per se.

### IV.     RELIEF REQUESTED

George requests the following relief:

a.      All wages and economic benefits lost as a result of JACI's breach of contract, including but not limited to back pay and front pay;

8

b.      All wages and economic benefits lost as a result of JACI's ERISA

violations, including George's wrongful discharge under ERISA,

including but not limited to front pay and other appropriate equitable

relief, and to enforce the terms of the governing ERISA plans;

c.      All wages and economic benefits under the Indiana Wage Payment Statute

and/or Indiana Wage Claims Statute, including but not limited to unpaid

salary, liquidated damages, attorney fees, and expenses;

d.      Compensatory damages;

e.      Damages for the reputational injury suffered by George;

f.      Liquidated damages and/or punitive damages;

g.      All costs and reasonable attorney fees incurred in litigation this action;

h.      Pre-judgment and post-judgment interest; and

i.      Any and all other legal and/or equitable relief to with George is entitled.

Respectfully submitted,

Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
DeLaney & DeLaney LLC
3646 Washington Blvd.
Indianapolis, IN 46205

## **JURY DEMAND**

Plaintiff, Victor George, by counsel, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#26356-53)
DeLaney & DeLaney LLC
3646 Washington Blvd.
Indianapolis, IN 46205