UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VICTOR GEORGE, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:10-cv-00220-JMS-MJD |
| | ) | |
| JUNIOR ACHIEVEMENT OF CENTRAL INDIANA, | ) | |
| INC., *et al.*, | ) | |
|     *Defendants*. | ) | |

## <u>ORDER</u>

Presently before the Court is Defendant David Wilson's Motion to Sever Claims and to Dismiss for Lack of Subject Matter Jurisdiction. [Dkt. 103.] The Plaintiff, Victor George, filed no response to the motion, and the time for doing so has expired.

This action originally began between Mr. George and Junior Achievement of Central Indiana, Inc. ("<u>JACI</u>"). Invoking federal-question jurisdiction, 28 U.S.C. § 1331, Mr. George sued JACI for retaliatory firing under the Employee Retirement Security Act of 1974 ("<u>ERISA</u>"), 29 U.S.C. § 1101, *et seq.* [Dkt. 1.] Because the Federal Rules of Civil Procedure permit a plaintiff to join as many claims as the plaintiff has against the same defendant, Fed. R. Civ. Pro. 18(a), he also asserted various state-law claims against JACI arising in connection with his January 2010 termination, including one for defamation. [*Id.*] Supplemental jurisdiction conferred authority upon the Court to hear those additional claims, despite the lack of diversity of citizenship between Mr. George and JACI. *See* 28 U.S.C. § 1367(a) (permitting district courts that have original jurisdiction over an action to also adjudicate "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

In May of this year, following his filing of a First Amended Complaint, which beefed up the allegations against JACI, Mr. George filed a Second Amended Complaint, with leave from the Magistrate Judge. [Dkt. 87.] The Second Amended Complaint included new non-diverse defendants, including Mr. Wilson. [*Id.*] Mr. George added the new defendants because he believed that they had defamed him through comments, in March 2010, about his termination. [*Id.*]

The new defamation claims were, according to Mr. George's motion to amend, eligible to be joined in this action because they "arise out of the same transaction, occurrence, or series of transactions or occurrences as his previously pled defamation claims against JACI." [Dkt. 79 ¶7 (citing Fed. R. Civ. Pro. 20(a)(2) (governing joinder of defendants)).] Thus the overlap of the only federal claim, for ERISA retaliation, with the defamation claims in the Second Amended Complaint looks like this as to Mr. Wilson:



Now that he is a party, Mr. Wilson raises two objections to his presence to this action. First, he says that his presence as a defendant in this action does not satisfy the joinder requirements for defendants set forth in Federal Rule of Civil Procedure 20(a)(2). And even if joinder were proper under the Rules, Mr. Wilson says that Congress has not conferred the Court with supplemental jurisdiction to hear the defamation claims against him.

Because jurisdiction always constitutes a threshold question, *see, e.g.*, *Sandoval v. City of Chicago*, 560 F.3d 703, 704 (7th Cir. 2009), the Court will begin by deciding whether, as cur-

rently joined, the Court possesses supplemental jurisdiction over the March 2010 defamation claims against Mr. Wilson.

Given his lack of a response brief, Mr. George apparently cannot find any basis for the Court to exercise supplemental jurisdiction over that claim. Neither can the Court. Supplemental jurisdiction can only exist over "claims that are so related to claims in the action within such *original jurisdiction* that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (emphasis added). The only claim within this Court's original jurisdiction is an ERISA retaliation claim. As the Venn diagram above indicates, the March 2010 defamation claim is too far removed from that claim to form part of the same "case or controversy"; the March 2010 defamation claim lacks a "common nucleus of operative fact" with the ERISA retaliation claim, as required for supplemental jurisdiction, *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) ("[J]udicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts." (citations omitted)). Accordingly, the Court cannot exercise supplemental jurisdiction over the March 2010 defamation claim as to Mr. Wilson.[1]

Because Mr. Wilson and Mr. George do not have a diversity of citizenship, severing the claim against Mr. Wilson would also result in a dismissal for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1332(a).

---

[1] Even where supplemental jurisdiction exists, Congress has given the Court discretion to decline to exercise it when there are "compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). The Court finds that such reasons exist here for declining jurisdiction. Mr. Wilson has advised that the other person that Mr. Wilson allegedly defamed in same online postings at issue here has a pending defamation action against Mr. Wilson in state court. Judicial economy could be significantly furthered if the same court could manage both lawsuits arising from the same allegedly defamatory statements. Only the state court can do so.

Accordingly the Court **GRANTS** Mr. Wilson's motion to the extent that Mr. George's claims against him for the March 2010 defamation are **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**. Additionally, within seven days, the remaining parties must **SHOW CAUSE**, if any, why the Court's jurisdictional analysis is not equally applicable to the claims against the other defendants arising from the March 2010 defamation.

07/21/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Michael R. Bain
HUME SMITH GEDDES GREEN & SIMMONS
mbain@humesmith.com

Beth A Barnes
HUME SMITH GEDDES GREEN & SIMMONS
bbarnes@humesmith.com

Edward Gerard Bielski
STEWART & IRWIN P.C.
ebielski@silegal.com

Blake J. Burgan
TAFT STETTINIUS & HOLLISTER LLP
bburgan@taftlaw.com

Darren Andrew Craig
FROST BROWN TODD LLC
dcraig@fbtlaw.com

Thomas L. Davis
FROST BROWN TODD LLC
tdavis@fbtlaw.com

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC

ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Randall W. Graff
KOPKA PINKUS DOLIN & EADS
rwgraff@kopkalaw.com

Christine Marie Riesner
STEWART & IRWIN
criesner@silegal.com

Christopher S. Stake
DELANEY & DELANEY LLC
cstake@delaneylaw.net

Danielle Beth Tucker
TAFT STETTINIUS & HOLLISTER LLP
dtucker@taftlaw.com

Heather L. Wilson
FROST BROWN TODD LLC
hwilson@fbtlaw.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com