UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICTOR GEORGE,                               )<br>    *Plaintiff*,                                      )<br>                                                          )<br>    *vs*.                                                  )<br>                                                          )<br> JUNIOR ACHIEVEMENT OF CENTRAL INDIANA, )<br> INC., *et al.*,                                     )<br>    *Defendants*.                                  ) | 1:10-cv-0220-JMS-MJD |

### ORDER ON MR. GEORGE'S MOTION TO STAY

Presently pending before the Court is Plaintiff Victor George's Motion to Stay Consideration, [dkt. 173], of Defendant Junior Achievement of Central Indiana, Inc.'s ("JA") Bill of Costs, [dkt. 167], and Motion for Attorney's Fees, [dkt. 169]. For the following reasons, the Court grants Mr. George's request for a stay on the Court's consideration of both motions.

On September 28, 2011, the Court entered partial summary judgment in favor of JA on Mr. George's ERISA claim and dismissed Mr. George's remaining state law claims without prejudice. [Dkt. 159.] Mr. George filed a notice of appeal on October 7, 2011, [dkt. 161], and represents that his appellant's brief is due later this month, [dkt. 173 at 4].

On October 12, 2011, JA filed a Bill of Costs, [dkt. 167], and a Motion for Attorney's Fees, [dkt. 169]. The following day, Mr. George filed a Motion to Stay the Court's Consideration of both motions. [Dkt. 173.] Mr. George contests both motions but argues that in the interests of judicial economy and to avoid piecemeal litigation, the Court should stay consideration of the motions pending the outcome of his appeal.

JA does not contest the stay request on its Motion for Attorney's Fees. [Dkt. 175 at 1.] JA does, however, object to the Court staying a ruling on the Bill of Costs. JA argues that there

- 1 -

is no dispute that it is the prevailing party and that no authority supports a stay. [Dkt. 175 at 2-3.]

Costs are appealable separately from the merits, and a district court may award costs even while a substantive appeal is pending. *Barton v. Zimmer, Inc.*, 2010 U.S. Dist. LEXIS 59936, *2 (N.D. Ind. 2010). The Court has discretion, however, to stay ruling on a bill of costs until after the merits appeal is decided. *Id.* at *3. Piecemeal appeals are disfavored in the federal system. *Continental Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 518 (7th Cir. 1999).

If the Court grants the stay request on the motion for attorney's fees (which the parties agree it should do) but denies the stay request for the bill of costs, it is possible that two more appeals could result in addition to the appeal of the Court's partial summary judgment order that is already underway. And if the Court denies Mr. George's motion to stay, the parties will have to brief the issues surrounding the fee petition and the bill of costs before the Court can rule on the merits of those requests. Because Mr. George's appellant's brief in the pending appeal is due later this month, [dkt. 173 at 4], there is not enough time for the parties to brief the merits of the pending motions and the Court to rule on the same before Mr. George's appellate deadline. Either way, disfavored piecemeal litigation could result.

Moreover, as Mr. George points out, the issue he raises in the pending appeal is an issue of first impression in the Seventh Circuit, and there is a 3-2 split of authority between the federal circuits that have addressed the issue. In addition to suggesting that Mr. George's position in this litigation may have been substantially justified, the outcome of the novel issue on appeal may eliminate any entitlement JA has to costs and fees and moot JA's pending motions.

- 3 -

Finally, Mr. George contends that discovery will be necessary to determine the reasonableness of JA's requests. [Dkt. 173 at 4.] JA does not dispute this contention. It is inefficient for the parties to engage in discovery and the Court to rule on issues that may ultimately be moot after the Seventh Circuit decides Mr. George's pending appeal.

For the reasons stated herein, the Court **GRANTS** Mr. George's Motion to Stay. [Dkt. 173.] The Court's consideration of JA's Bill of Costs, [dkt. 167], and Motion for Attorney's Fees, [dkt. 169], will be stayed until Mr. George's appeal from the Court's partial summary judgment order is final.

11/04/2011

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Michael R. Bain
HUME SMITH GEDDES GREEN & SIMMONS
mbain@humesmith.com

Beth A Barnes
HUME SMITH GEDDES GREEN & SIMMONS
bbarnes@humesmith.com

Edward Gerard Bielski
STEWART & IRWIN P.C.
ebielski@silegal.com

Blake J. Burgan
TAFT STETTINIUS & HOLLISTER LLP
bburgan@taftlaw.com

Darren Andrew Craig
FROST BROWN TODD LLC
dcraig@fbtlaw.com

Thomas L. Davis
FROST BROWN TODD LLC
tdavis@fbtlaw.com

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Randall W. Graff
KOPKA PINKUS DOLIN & EADS
rwgraff@kopkalaw.com

Christine Marie Riesner
STEWART & IRWIN
criesner@silegal.com

Christopher S. Stake
DELANEY & DELANEY LLC
cstake@delaneylaw.net

Danielle Beth Tucker
TAFT STETTINIUS & HOLLISTER LLP
dtucker@taftlaw.com

Heather L. Wilson
FROST BROWN TODD LLC
hwilson@fbtlaw.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com